IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 8:13MJ268 |
| | ) | |
| v. | ) | |
| | ) | |
| PAUL ROSBERG, | ) | MEMORANDUM AND ORDER |
| | ) | |
| Defendant. | ) | |
| | ) | |

      On Friday, September 13, 2013, in the afternoon, I held a detention hearing regarding the government's complaint that Rosberg solicited a crime of violence in early September of 2013 and in violation of 18 U.S.C. § 371. After I heard the evidence, I found and concluded that the government had proven by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of two witnesses in a felony criminal case currently pending against Rosberg in this District bearing the number 8:12CR271. I refer to that other matter as the "meat case." I based my decision on the testimony of Special Agent Brett Dickerson, the affidavit attached to the criminal complaint sworn to by Dickerson, and the testimony of Rosberg.

      For purposes of detention, I am persuaded that Rosberg solicited Joe Saul to harm or kill, or arrange to have someone else harm or kill, Leanay Peterson and Roger Anderson, two individuals who are likely to be important witnesses in the meat case. This behavior allegedly occurred in early September of 2013. Trial is scheduled to commence on October 2, 2013.

      Saul, who briefly worked for Rosberg, reported to law enforcement authorities that several conversations took place with Rosberg where the solicitation was made. Saul knew things about the meat case that could have only come from Rosberg.

Furthermore, Rosberg has previously harassed Peterson and Anderson by filing civil actions against them while the meat case was in the pretrial stages. Indeed, a few days prior to the alleged solicitation, I issued a protective order to stop Rosberg from continuing that harassment during the pendency of the meat case. Still further, Saul intimated that Rosberg would compensate the person who committed the assault or killing from the proceeds of sale of real property owned by Peterson. In that connection, shortly before this statement was allegedly made to Saul, Rosberg filed a "lis pendens" against Peterson's property.

Finally, Rosberg testified, but against the advice of his standby counsel.[1] In any event, Rosberg was not credible. For example, he testified and stressed that he was not a violent person. However, when I asked, Rosberg denied that he had previously assaulted the Federal Public Defender for the District of Nebraska who was then representing Rosberg in a 1995 federal criminal case assigned to me.[2] Instead, Rosberg frivolously claimed that the Federal Public Defender assaulted Rosberg. That assertion is, of course, utter nonsense and, more importantly, significantly detracts from Rosberg's credibility in this matter.

IT IS ORDERED that Rosberg shall be detained.

DATED this 16th day of September, 2013.

BY THE COURT:
*Richard G. Kopf*
Senior United States District Judge

---

[1] As in the meat case, Rosberg has decided to represent himself. I appointed standby counsel, Horacio J. Wheelock. He also is serving as standby counsel in the meat case. Again, I thank Mr. Wheelock for taking on these difficult and thankless assignments.

[2] *United States v. Rosberg,* 4:95CR3014.